IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| SHAWNA COX, and those similarly situated, and those real parties to be joined as their names become known,<br><br>                 Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA, and JOHN DOES 1-100,<br><br>                 Defendants. | Case No. 2:17-cv-00121-SU<br><br>**OPINION AND ORDER** |

_____

SULLIVAN, United States Magistrate Judge:

      Plaintiff Shawna Cox brings this action to challenge the federal government's ownership of the Malheur National Wildlife Refuge in Harney County, Oregon. The United States has moved to dismiss for lack of subject-matter jurisdiction, or in the alternative, for failure to state a

claim. (Docket No. 4). In her Response to that Motion, plaintiff moves to remand to Oregon state court. (Docket No. 5). Plaintiff previously moved for an extension of time to amend her Complaint and to file a reply in support of her Motion to Remand (Docket No. 8), which the Court granted (Docket No. 9). Plaintiff now moves for another extension, in her "Request for Extension of Time to Resolve Unsettle State Court Matters." (Docket No. 10). The United States opposes. (Docket No. 11). For the following reasons, the Court DENIES plaintiff's Request.

## LEGAL STANDARD

Fed. R. Civ. P. 6(b)(1) permits the court to extend the time for a party to undertake a particular action upon a showing of "good cause." The primary factor in determining whether good cause exists is whether the party seeking amendment was diligent in pursuing the amendment. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) (discussing "good cause" standard under analogous Fed. R. Civ. P. 16). Under Local Rule 16-3(a), objections to "any court-imposed deadline" must be made by motion and: (1) "[s]how good cause why the deadlines should be modified"; (2) "[s]how effective prior use of time"; (3) "[r]ecommend a new date for the deadline in question"; and (4) "[s]how the impact of the proposed extension on other existing deadlines, settings, or schedules."

Whether to grant an extension of time lies within the district court's discretion. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). "Rule 6(b) gives the court *extensive flexibility* to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the actual termination of the allotted time." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 905 n.7 (1990) (emphasis added) (citing 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, p.475 (2d ed. 1987)).

## ANALYSIS

Plaintiff requests a 90-day extension to file a reply in support of her Motion to Remand, so that she may "address and resolve unsettled matters in Harney County District Court as they will have a direct effect on the proceeding herein." Pl. Request for Extension, at 1 (Docket No. 10). In an attached affidavit, plaintiff recites purported "fatal due process violations and errors" in this matter when it was in Oregon state court, *id.*, Ex. 1, Cox Aff.; plaintiff had originally filed this action in Harney County Circuit Court, and the United States removed to this Court because the federal government is the defendant, *see* 28 U.S.C. § 1442(a)(1); Notice of Removal (Docket No. 1). Plaintiff asserts that the state court should have entered default in this action. Cox Aff. ¶¶ 10-11.

Plaintiff previously obtained a 30-day extension to reply. (Docket No. 9). In moving for that extension, plaintiff represented that she needed additional time to reply because she "had three recent funerals of close family friends and [would] be attending to family duties out of state for 10 days." Pl. Mot. for Extension, at 1 (Docket No. 8). Plaintiff's Reply (under her original extension) was due May 15, 2017. Plaintiff filed the present Request on May 9, 2017.

Plaintiff has not shown good cause for a second extension. Plaintiff has not explained how she has made diligent use of her time already, including the already-granted first extension. In fact, she gives no explanation of why she requires a second, considerably lengthier, extension (unlike her explanation for why she needed the original extension). Plaintiff has also not explained why any purported problems in state court affect the questions before this Court on her and the United States' Motions. These questions are whether this action was properly removed and whether this Court has subject-matter jurisdiction, neither of which turns on procedural issues in state court. Plaintiff has not explained how any action she might take in state court

would affect these analyses, and it appears to the Court that no such action would. Additional extensions in this matter would thus be futile. Therefore, there is no good cause shown for plaintiff's requested, second extension.

## CONCLUSION

For these reasons, the Court DENIES plaintiff's Request for Extension. (Docket No. 10).

IT IS SO ORDERED.

DATED this 12th day of June, 2017.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge